THIRD DEPARTMENT, JANUARY, 1996

(January 4, 1996)

■ In the Matter of JUDY DEVILLANO-SMYTH, Respondent, v KEVIN J. SMYTH, Appellant. [636 NYS2d 159] —Crew III, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered August 18, 1993, which dismissed respondent's application, in a proceeding pursuant to Family Court Act article 8, to, *inter alia*, vacate a prior order entered in favor of petitioner.

In July 1992, petitioner commenced this proceeding pursuant to Family Court Act article 8 and obtained a temporary order of protection directing that respondent refrain from harassing petitioner and remain away from her residence and place of employment. The parties subsequently entered into a stipulation and, by order entered August 7, 1992, respondent agreed to adhere to, *inter alia*, the foregoing conditions. Thereafter, in June 1993, respondent filed a violation petition contending that petitioner had violated the terms of the parties' stipulation by refusing to disclose her unlisted telephone number to him. At the proceeding that followed, respondent was advised of his right to counsel and elected to proceed *pro se*. Family Court dismissed the petition by order dated June 22, 1993.

Shortly thereafter, respondent commenced a proceeding seeking to modify the terms of the August 7, 1992 order based upon a change in circumstances—namely, that petitioner had allegedly perjured herself in order to obtain the temporary order of protection and that subsequent to the August 1992 order, she had voluntarily resumed marital relations with respondent and harassed him. By order dated July 8, 1993, Family Court dismissed respondent's petition. Respondent did not file a notice of appeal from either the June 22, 1993 or July 8, 1993 orders. Instead, in August 1993, respondent filed another petition seeking to modify and/or vacate the August 1992 order, again contending that petitioner had perjured herself and that her conduct since the issuance of the August 1992 order entitled him to the requested relief. By order entered August 18, 1993, Family Court dismissed the petition and this appeal by respondent followed.

We affirm. To the extent that respondent seeks to vacate or modify the terms of the August 1992 order based upon petitioner's alleged misconduct, or contends that his due process rights were violated because he was not present at the proceeding conducted with respect to his July 1993 modification petition, his remedy was to appeal from Family Court's July 8, 1993 order denying him the requested relief. This he failed to do. Instead, respondent simply filed another petition requesting the very relief he previously had been denied. Moreover, respondent's conclusory assertions regarding the alleged change in circumstances were insufficient to warrant a hearing on this issue. Accordingly, Family Court did not err in dismissing the instant petition. Respondent's remaining contentions, including his assertion that he was denied the right to counsel, have been examined and found to be lacking in merit.

Cardona, J. P., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.